UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARY L. KIZER,

    Plaintiff,

v.

FREEDOM DEBT RELIEF, LLC,

    Defendant.

Case No. 5:20-cv-00882

## COMPLAINT

**NOW COMES** Plaintiff, MARY L. KIZER, through undersigned counsel, complaining of Defendant, FREEDOM DEBT RELIEF, LLC as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. MARY L. KIZER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 354 Cub Drive, Marion, Texas 78124.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. FREEDOM DEBT RELIEF, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Delaware.

9. Defendant has a principal place of business at 1875 South Grant Street, Suite 400, San Mateo, California 94402.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2292.

13. At all times relevant, Plaintiff's number ending in 2292 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Two years ago, Plaintiff enrolled in Defendant's debt relief program.

16. In doing so, Plaintiff agreed to $450.00 monthly payments.

17. Plaintiff initially made payments; however, suffered financial hardship – requiring Plaintiff to abandon Defendant's debt relief program.

18. Soon thereafter, Plaintiff started to receive phone calls from Defendant, seeking Plaintiff's $450.00 monthly payment.

19. On July 8, 2020, Plaintiff answered Defendant's collection call.

20. Plaintiff was met by an approximate three-second pause prior to being connected to an agent.

21. Once connected, Plaintiff sought to explain that she had decided on filing bankruptcy, and was no longer in need of Defendant's services.

22. Defendant, however, insisted on receiving immediate payment.

23. Having had enough, Plaintiff verbally requested for the phone calls to cease.

24. Despite Plaintiff's request(s), Defendant's collection calls continue.

25. In total, Plaintiff received at least 22 phone calls from number(s) leading back to Defendant, including (602) 282-8672, (602) 427-9408, (602) 732-4831, (650) 393-6734 and (844) 731-0859 despite Plaintiff's request(s) for the phone calls to cease.

26. Upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

## DAMAGES

27. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

28. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

29. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## **CLAIMS FOR RELIEF**

### **Count I:**
### **Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Defendant placed or caused to be placed no less than 22 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32. Upon information and belief, based on the "three-scond pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

33. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

34. Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

35. Upon information and belief, Defendant acted through their agents, employees, and/or representatives at all times relevant.

36. As pled above, Plaintiff revoked consent to be called on her cellular telephone on July 8, 2020.

37. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

38. Upon information and belief, Defendant has no system in place to document and archive whether they have consent to contact consumers on their cellular phones.

39. Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

40. Upon information and belief, Defendant knew their collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and revenue.

41. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

42. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## Count II
## Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

45. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff in spite of Plaintiff's July 8, 2020 request for the phone calls to cease.

46. Defendant's collection calls to Plaintiff were made with specific intent of annoying, harassing, and abusing Plaintiff.

47. That Defendant knowingly placed phone calls to Plaintiff after Plaintiff requested that Defendant's calls cease is illustrative of Defendant's intent to annoy and harass Plaintiff.

48. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: July 29, 2020                                                Respectfully submitted,

**MARY L. KIZER**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com